## Commonwealth v. Stanko

*Herbert C. Cohen, Assistant District Attorney,* for Commonwealth.

*Richard D. Walker, Chief Public Defender, Dauphin County,* for petitioner.

KREIDER, P. J., October 14, 1968.—Petitioner, Tony Stanko, was convicted by a jury of conspiracy on October 1, 1965, and was sentenced to serve a term of two years imprisonment. On July 17, 1968, Stanko filed a petition wherein he requests that he be furnished a copy of the notes of testimony of the above proceeding at the expense of Dauphin County.

The law in Pennsylvania governing such requests is the Act of May 1, 1907, P. L. 135, as amended, 17 PS §1802. The act provides:

". . . that in all cases tried in the several courts of *oyer and terminer and general jail delivery,* if the request or requests for a copy of the notes of testimony are made within ninety (90) days from date of verdict, or at any time if in the discretion of the court such request should be granted, the defendant . . . shall be furnished with a copy of the notes of testimony taken at his . . . request, which said notes shall be paid for by the county in which said case was tried . . . " (Italics supplied.)

Petitioner's request comes long after the 90-day period provided by the act; indeed, it comes more than two and one-half years from the date of the verdict.

Once the 90-day period has elapsed, the mandatory provision of the Act of 1907 is no longer applicable and it becomes the responsibility of the courts, through the exercise of sound judicial discretion, to determine whether the request should be granted: Commonwealth v. Weller, 25 D. & C. 2d 43; Commonwealth v. Singer, 65 Lack. Jur. 178 (1965); Lewis v. Clerk of Court, 88 Dauph. 64 (1967).

Petitioner's request must be denied for two reasons, either one being sufficient as a sole ground for dismissal. First, the Act of 1907 does not apply to cases tried in the court of quarter sessions. The act only applies to cases tried in the courts of oyer and terminer and general jail delivery. Since petitioner was convicted of conspiracy in the court of quarter sessions, he may not seek copies of the notes of testimony under the Act of 1907: Commonwealth v. Ruditys, 61 Lanc. 223 (1967) Wissler, P.J., affirmed 212 Pa. Superior Ct. 302 (1968).

Second, even if petitioner's request were governed by the Act of 1907, we would be compelled in the exercise of our discretion to deny his request. The records in the clerk of the courts office show that a copy of the notes of testimony in this case were forwarded to the State Correctional Institution at Philadelphia, where petitioner was incarcerated, on May 13, 1966. This copy is available for petitioner's use at the institution. Under such circumstances we recently held in Commonwealth v. Metz, 46 D. & C. 2d 73, that it is not necessary to furnish another copy of the notes of testimony at the county's expense long after the 90 day period has expired. For the above reasons we must issue the following

ORDER

And now, October 14, 1968, the petition of Tony Stanko is dismissed.